IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| KAANAPALI TOURS, LLC, | ) | CIVIL 11-00555 LEK-RLP |
| Plaintiff, | ) | |
| vs. | ) | |
| STATE OF HAWAII DEPARTMENT OF LAND AND NATURAL RESOURCES, BOARD OF LAND AND NATURAL RESOURCES, ET AL., | ) | |
| Defendants. | ) | |

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION FOR RECONSIDERATION**

On January 31, 2012, this Court issued its Order Denying Plaintiff's Motion for Preliminary Injunction ("1/31/12 Order").[1] Before the Court is Plaintiff Kaanapali Tours, LLC's ("Plaintiff") Motion for Reconsideration, filed on February 14, 2012. Defendants the State of Hawaii Department of Land and Natural Resources ("DLNR"), the Board of Land and Natural Resources ("the Board"), William J. Aila, Jr., in his official capacity as Chairman of the Board, Edward R. Underwood, in his individual and official capacity, and Nicholas Giaconi, in his individual and official capacity (all collectively "Defendants") filed their memorandum in opposition on March 2, 2012, and Plaintiff filed its reply on March 19, 2012. The Court finds

---

[1] The 1/31/12 Order is available at 2012 WL 300544.

this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the Motion for Reconsideration, supporting and opposing memoranda, and the relevant legal authority, Plaintiff's Motion for Reconsideration is HEREBY GRANTED IN PART AND DENIED IN PART for the reasons set forth below.

## BACKGROUND

The parties and the Court are familiar with the factual and procedural background of this case. The Court will therefore only discuss the events that are relevant to the Motion for Reconsideration.

In the 1/31/12 Order, this Court denied Plaintiff's Motion for Preliminary Injunction ("Injunction Motion"), filed September 30, 2011. This Court found that Plaintiff had not established a likelihood of success on the merits of its due process claim or any of its state law claims. 2012 WL 300544, at *8-9. This Court also found that Plaintiff had not established that it was likely to suffer irreparable harm in the absence of a preliminary injunction because it only established financial losses, and monetary harm does not constitute irreparable harm for preliminary injunction purposes. Id. at *9-10. The Court found that the balance of the equities was, at best, a neutral

factor, and that Plaintiff had not established that the issuance of a preliminary injunction would be in the public interest. <u>Id.</u> at *10-12.

I. **Plaintiff's Motion for Reconsideration**

Plaintiff argues that the Court must reconsider the 1/31/12 Order because it contains manifest errors of law and fact and because reconsideration is necessary to prevent injustice. Plaintiff argues that it will prevail on its due process claim because it has a legitimate claim of entitlement to substitute vessels on its Commercial Use Permit No. M-05 ("the Permit"). Plaintiff also points to a number of factual errors in the 1/31/12 Order's analysis of the due process claim.

As to the state law claims, Plaintiff argues that the Court erred in analyzing Plaintiff's equitable estoppel claim as a promissory estoppel claim and that Plaintiff is likely to succeed on the merits of the equitable estoppel claim. Plaintiff argues that its current owners were not involved in the alleged irregularities in the Permit's history and it was Defendants' negligence that led to any problems with the Permit. Plaintiff reasonably relied on Defendants' actions as to the status of the Permit, and thus Defendants' negligence caused Plaintiff's damages. Plaintiff also argues that the Court committed manifest error in finding that Plaintiff was not likely to succeed on the interference with prospective business advantage claim because

3

the Court dismissed as irrelevant Plaintiff's evidence that it negotiated with another permit holder to handle its business while the other vessel was in drydock. Plaintiff also describes other advantages that it will have if it is allowed to operate the Queen's Treasure.

Plaintiff next argues that the Court committed manifest error in finding that Plaintiff was not likely to suffer irreparable harm in the absence of a preliminary injunction. Plaintiff reiterates that, because it is likely to succeed on its civil rights claim, this Court must presume irreparable harm. Further, Plaintiff argues that its goodwill, which it built with other businesses that it established contacts and tentative agreements with while Plaintiff was preparing to operate the Queen's Treasure, is intangible and the loss of that goodwill constitutes irreparable harm. Plaintiff also argues that it cannot operate the Queen's Treasure elsewhere in Hawai`i because all of the other permits are taken. Plaintiff could not purchase another permit-holding corporation without incurring substantial costs.

Plaintiff argues that the Court committed manifest error because the Court failed to find that the balance of the equities weighed in favor of a preliminary injunction. Plaintiff notes that there are only nine catamarans operating at Kaanapali because of the sinking of the KIELE V in 2009. Plaintiff argues

4

that the permit associated with that vessel should have been issued to Plaintiff.  Plaintiff argues that the catamaran waiting list that Defendants submitted with their memorandum in opposition to the Injunction Motion was erroneous.  Plaintiff also argues that the Court cannot consider the complaints of other applicants waiting for a catamaran permit because Plaintiff is the only applicant that has complied with all of the applicable regulations.

Finally, Plaintiff argues that the Court committed manifest error in failing to find that the public interest weighed in favor of a preliminary injunction.  Plaintiff argues that the Court failed to consider the economic impact on Plaintiff's employees and everyone that Plaintiff does business with.  Plaintiff also argues that the fact that it is likely to succeed on the merits of its due process claim proves that Defendants' actions harm the public interest.

## II. **Defendants' Memorandum in Opposition**

Defendants argue that Plaintiff has not identified any intervening change in the law or any newly discovered evidence which would require reconsideration.  The evidence that Plaintiff relies upon to support the Motion for Reconsideration was available at the time the parties litigated the Injunction Motion, and therefore the evidence cannot support reconsideration.  Even if the Court considers Plaintiff's

5

evidence, it would not alter the analysis in the 1/31/12 Order. Defendants also argue that the Motion for Reconsideration merely reargues issues that the parties litigated in the Injunction Motion.

As to Plaintiff's argument that the 1/31/12 Order mischaracterized Plaintiff's equitable estoppel claim, Defendants argue that equitable estoppel, like promissory estoppel, also requires a promise or assurance that the plaintiff relies upon. Defendants contend there was no clear error in the Court's finding that Plaintiff could not reasonably rely on the circumstances of the Permit to believe that Plaintiff had the authority to freely substitute vessels.

Finally, Defendants argue that there are no manifest errors of law or fact in the Court's findings that Plaintiff failed to establish irreparable harm and that the balance of equities was, at best, neutral. Defendants contend that the Court need not consider either Plaintiff's argument that Plaintiff is the only applicant on the catamaran waitlist that has an entitlement to a permit because it is the only one that has pre-registered its catamaran or Plaintiff's argument that the catamaran waitlist Defendants submitted in connection with the Injunction Motion is not the correct list. Neither of these arguments is a valid basis for reconsideration because Plaintiff could have raised the arguments in conjunction with the original

6

Injunction Motion and, moreover, the arguments are unfounded.

III. **Plaintiff's Reply**

In its Reply, Plaintiff reiterates its previous arguments regarding its likelihood of success on its claims. As to the negligence claim, Plaintiff argues that Defendants have no evidence that Plaintiff's current owners were aware of any irregularities in the Permit's history when they renewed the Permit in 2009, nor can Defendants prove that Plaintiff's owners solicited the March 12, 2010 letter.[2] Plaintiff emphasizes that Defendants and other State officials assured Plaintiff's owners of the validity of the Permit. To the extent that there were any irregularities in the Permit's history, Defendants never acted upon them or notified Plaintiff of any problems prior to the denial of the change in vessel inventory. As to the interference with prospective business advantage claim, Plaintiff emphasizes that, although Jan Nolan is not a named plaintiff, she is Plaintiff's agent in the conduct of its business operations. Plaintiff essentially argues that her reputation and goodwill is also Plaintiff's. As to the equitable estoppel claim, Plaintiff emphasizes that equitable estoppel and promissory estoppel are not the same. Plaintiff reiterates that it has established a likelihood of success on all the elements of equitable estoppel.

---

[2] See the 1/31/12 Order, 2012 WL 300544, at *6 for a description of the 3/12/10 Letter.

Plaintiff next reiterates its arguments regarding irreparable harm and the balance of the equities.  In addition, Plaintiff argues that its evidence regarding other vessels' violations of applicable rules and the failure to reassign the KIELE V permit is newly discovered.  Plaintiff did not learn of the violations until recently, and the KIELE V permit was not reissued until February or March 2012.  Plaintiff points out that Defendants did not challenge her argument that the public interest weighs in favor of a preliminary injunction.

Plaintiff therefore urges the Court to grant the Motion for Reconsideration and to issue the preliminary injunction.

**DISCUSSION**

"[A] successful motion for reconsideration must accomplish two goals.  First, a motion for reconsideration must demonstrate reasons why the court should reconsider its prior decision.  Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Donaldson v. Liberty Mut. Ins. Co., 947 F. Supp. 429, 430 (D. Hawai`i 1996); accord Tom v. GMAC Mortg., LLC, CIV. NO. 10-00653 SOM/BMK, 2011 WL 2712958, at *1 (D. Hawai`i July 12, 2011) (citations omitted).  This district court recognizes three grounds for granting reconsideration of an order: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear

error or prevent manifest injustice." White v. Sabatino, 424 F. Supp. 2d 1271, 1274 (D. Hawai`i 2006) (citing Mustafa v. Clark County Sch. Dist., 157 F.3d 1169, 1178–79 (9th Cir. 1998)). "Whether or not to grant reconsideration[,]" however, "is committed to the sound discretion of the court." Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing Kona Enter., Inc. v. Estate of Bishop, 229 F.3d 877, 883 (9th Cir. 2000)).

The 1/31/12 Order set forth the standard applicable to a motion for a preliminary injunction. 2012 WL 300544, at *4 (citing Winter v. Natural Res. Defense Council, Inc., 555 U.S. 7, 20, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008); Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-32 (9th Cir. 2011)). In the instant Motion for Reconsideration, Plaintiff challenges this Court's analysis of all of the Winter requirements.

I. **Likelihood of Success on the Merits**

   A. **Plaintiff's Due Process Claim**

   Plaintiff argues that this Court committed a manifest error in finding that Plaintiff was not likely to succeed on the merits of its due process claim. None of Plaintiff's arguments regarding its due process claim warrant reconsideration because they either: seek to reargue issues which the parties previously litigated and the Court considered in the Injunction Motion; or

9

rely upon evidence which could have been presented in conjunction with the Injunction Motion.

Plaintiff argues that it is likely to succeed on the due process claim because, *inter alia*: Plaintiff's Permit anticipates the substitution of secondary vessels, as evidenced by the substitution of vessels associated with the Permit renewed on December 21, 2009 ("December 2009 Permit"), and the Permit dated March 31, 2010 ("March 2010 Permit"); the DLNR cannot refuse a vessel change based on whether the vessel is a monohull or a multihull because the Permit allows Plaintiff to use either a monohull vessel or a multihull vessel; and the 3/12/10 Letter does not deny Plaintiff the right to make future changes to the primary vessel. This Court addressed these arguments in connection with the Injunction Motion. "Mere disagreement with a previous order is an insufficient basis for reconsideration." White, 424 F. Supp. 2d at 1274 (citing Leong v. Hilton Hotels Corp., 689 F. Supp. 1572 (D. Haw. 1988)).

Plaintiff also attempts to introduce evidence that it could have presented in connection with the Injunction Motion. For example, Plaintiff states that all Kaanapali permits have monohull vessels and multihull vessels registered on the permits' inventories because operations in the Kaanapali area require the use of both types of vessels and require periodic changing of vessels due to wear and tear. [Mem. in Supp. of Motion for

Reconsideration at 5 (citing Suppl. Decl. of Jan Nolan ("Suppl. Nolan Decl."))." ] Such evidence does not constitute grounds for reconsideration because the Court will not grant reconsideration based on evidence or legal arguments that could have been raised in connection with the original motion. See Hawaii Stevedores, Inc. v. HT & T Co., 363 F. Supp. 2d 1253, 1269-70 (D. Hawai`i 2005) (citing Kona Enter., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000)) (some citations omitted).

Plaintiff also points to factual errors in this Court's analysis of the due process claim. The 1/31/12 Order states:

> There are many irregularities in the Permit and its history. These irregularities include, *inter alia*: DOBOR's regulations for the Kaanapali area, Haw. Admin. R. Title 13, Chapter 251, do not provide for a registration permit for a monohull/multihull vessel; Plaintiff's December 2009 Permit was apparently expired when the March 2010 Permit was issued; and both the March 2010 Permit and the March 2011 Permit contain blank signature lines under the heading "ISSUED".

2012 WL 300544, at *7 (footnote omitted). The 1/31/12 Order mistakenly refers to the expiration of the December 2009 Permit; it should have referred to the fact that the Permit was cancelled as of March 31, 2009 and then reinstated in December 2009. [Mem. in Opp. to Injunction Motion, Aff. of Daniel A. Morris ("Morris Aff."), Exhs. D-F.] Plaintiff also is correct that Underwood did in fact sign the 2011 Permit. [Id., Exh. A at 2.]

Plaintiff's Motion for Reconsideration is therefore GRANTED to the extent that this Court will issue an amended order

11

correcting these errors. Even with those changes, however, this Court CONCLUDES that Plaintiff has not established grounds which require this Court to reconsider its finding that Plaintiff failed to establish a likelihood of success on merits of its due process claim.

**B.    Plaintiff's Equitable Estoppel Claim**

The 1/31/12 Order erroneously analyzed Plaintiff's equitable estoppel claim as a promissory estoppel claim. The Court therefore GRANTS the Motion for Reconsideration insofar as the Court's amended order will address the elements of equitable estoppel. See Zane v. Liberty Mut. Fire Ins. Co., 115 Hawai`i 60, 70, 165 P.3d 961, 971 (2007) ("[T]he party invoking equitable estoppel must show that he or she has detrimentally relied on the representation or conduct of the person sought to be estopped, and that such reliance was reasonable. Such requirement, however, may be dispensed with in order to prevent manifest injustice." (alteration in original) (citations and quotation marks omitted)). The Court, however, FINDS that Plaintiff has not established that it is likely to succeed on the merits of its equitable estoppel claim.

**C.    Plaintiff's Negligence Claim and Interference with Prospective Business Advantage Claim**

Having reviewed Plaintiff's submissions, the Court CONCLUDES that Plaintiff has not established grounds to reconsider this Court's findings that Plaintiff is not likely to

succeed on the merits of either its negligence claim or its interference with prospective business advantage claim. All of the arguments that Plaintiff raises in support of reconsideration either were previously litigated in the Injunction Motion or rely upon evidence which could have been raised in connection with the Injunction Motion. As previously stated, the Court will not grant reconsideration on the basis of such arguments.

## II. **Irreparable Harm**

The 1/31/12 Order stated:

> Injuries to goodwill and business reputation, however, are generally considered to be intangible and, as a result, irreparable. Plaintiff, however, has not been in active operation and therefore it arguably does not have goodwill and reputation to lose if it is forced to go out of business. Further, Plaintiff has not established that it would be unable either to operate the Queen's Treasure elsewhere or to avoid going out of business by selling or leasing the Queen's Treasure.

2012 WL 300544, at *9 (citations omitted). In the Injunction Motion, Plaintiff submitted a declaration from Jan Nolan stating, *inter alia*, that Plaintiff has lost the opportunity to contract with a another permit holder to handle its passengers while its vessel was in drydock. [Injunction Motion, Decl. of Jan Nolan at ¶ 19.] Ms. Nolan's declaration also states: "Plaintiff's reputation has already suffered because of rumors speculating about problems with its business." [Id. at ¶ 25.]

In the Motion for Reconsideration, Plaintiff alleges that, in its preparation for the operation of the Queen's Treasure, Plaintiff made various business contacts and entered into tentative agreements with certain businesses. Plaintiff argues that its inability to operate the Queen's Treasure caused it to lose trust and goodwill with those businesses. [Mem. in Supp. of Motion for Reconsideration at 15.] The Court will not consider evidence of this alleged harm because Plaintiff did not submit evidence of it in connection with the Injunction Motion.

Plaintiff also responds to the Court's observation that Plaintiff could operate the Queen's Treasure elsewhere by arguing that it could not do so without expending substantial assets to purchase another permit-holding corporation. [Id. at 15-16.] The expense that Plaintiff would incur to obtain another permit to operate the Queen's Treasure at a different location constitutes economic damages, which are not irreparable for purposes of a preliminary injunction. Plaintiff also argues that it would not be able to sell the Permit because of the uncertainty about what operations the Permit authorizes. The 1/31/12 Order, however, noted that one of the ways Plaintiff could arguably avoid insolvency was to sell or lease the Queen's Treasure. 2012 WL 300544, at *9. The Court did not rely upon the possible sale of the Permit.

14

The Court therefore CONCLUDES that Plaintiff has not established any ground which warrants reconsideration of this Court's finding of a lack of irreparable harm.

III. **Balance of the Equities**

In the 1/31/12 Order, this Court found that the balance of the equities was, at best, a neutral factor. 2012 WL 300544, at *10. In the Motion for Reconsideration, Plaintiff notes that, during the litigation of the Injunction Motion, Plaintiff noted that a Kaanapali catamaran permit became available when the KIELE V sank and her owner decided not to replace her. Plaintiff argues that it should have received that permit because it is the only applicant who has complied with all of the applicable requirements, in particular, the registration of the catamaran to be used under the permit. Plaintiff also argues that the waitlist that Defendants submitted with their memorandum in opposition to the Injunction Motion is not the correct list because it merely deals with moorings, not catamaran permits. The Court declines to consider these arguments.

Although some of the evidence supporting these arguments may have become available to Plaintiff after the Court issued the 1/31/12 Order, the basic facts were, or should have been, available to Plaintiff during the litigation of the Injunction Motion. Plaintiff states that it submitted an application to register a catamaran on July 26, 2011. [Mem. in

Supp. of Motion for Reconsideration at 17 (citing Suppl. Nolan Decl.).] Plaintiff cites a December 6, 2011 letter from Heath Alvarado of DLNR as evidence of the mooring list. [Id. at 18 (citing Suppl. Nolan Decl., Exh. A).]

Plaintiff also argues that it has newly discovered evidence that other applicants on the catamaran waitlist and other permit holders are not in compliance with the applicable procedures and regulations. Even assuming, *arguendo*, that this constitutes newly discovered evidence, it does not warrant reconsideration. The fact that there may be compliance problems with other applicants or permit holders does not mean that Defendants should be forced to allow Plaintiff to alter its vessel inventory in a way that Plaintiff has not established it is entitled to under the applicable regulations and the terms of the Permit.

The Court therefore CONCLUDES that Plaintiff has failed to establish any ground that warrants reconsideration of this Court's previous finding regarding the balance of the equities.

## IV. Public Interest

In the Motion for Reconsideration, Plaintiff argues that the fact that it is likely to succeed on all of its claims establishes that Defendants' conduct is harming the public interest. Plaintiff's argument would render the public interest element of the Winter analysis superfluous because it suggests

16

that a plaintiff who establishes the likelihood of success factor automatically satisfies the public interest factor. Plaintiff has not cited any legal authority in support of this proposition. Moreover, this Court has reaffirmed its finding that Plaintiff is not likely to succeed on the merits of any of its claims. Plaintiff also urges the Court to consider the interests of Plaintiff's employees and the businesses that Plaintiff contracts with. The fact that Plaintiff's employees and business contacts would benefit from a preliminary injunction in Plaintiff's favor is not sufficient to support a finding that the public interest weighs in favor of a preliminary injunction. If it were, any plaintiff seeking a preliminary injunction would be entitled to finding that the public interest weighed in favor of a preliminary injunction.

The Court therefore CONCLUDES that Plaintiff has failed to establish any ground that warrants reconsideration of this Court's previous finding regarding the public interest.

## V.     Summary of Factors

Plaintiff has not established any ground which requires this Court to change its findings as to the elements of the <u>Winter</u> analysis. Insofar as Plaintiff failed to establish the elements necessary for a preliminary injunction, Plaintiff is not entitled to reconsideration of this Court's ultimate ruling denying the Injunction Motion.

**CONCLUSION**

On the basis of the foregoing, Plaintiff's Motion for Reconsideration, filed February 14, 2012, is HEREBY GRANTED IN PART AND DENIED IN PART. The Motion for Reconsideration is GRANTED insofar as this Court will amend its Order Denying Plaintiff's Motion for Preliminary Injunction to correct the factual errors identified in this order and to replace the promissory estoppel discussion with a discussion of equitable estoppel. The Motion for Reconsideration is DENIED in all other respects, and this Court reaffirms its previous denial of Plaintiff's Motion for Preliminary Injunction.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, March 29, 2012.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**KAANAPALI TOURS, LLC V. STATE OF HAWAI`I DEPARTMENT OF LAND AND NATURAL RESOURCES, ET AL.; CIVIL NO. 11-00555 LEK-RLP; ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR RECONSIDERATION**